THERESA POPPLER AND OTHERS v.
FRANCIS P. O'CONNOR AND ANOTHER.

235 N. W. 2d 617.

November 14, 1975—No. 45428.

*Swanson & Prueter* and *John L. Prueter,* for appellants.
*William J. Hanley,* for respondents.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

The two issues raised by plaintiff mortgagees on appeal from a judgment in a mortgage foreclosure action are whether the trial court applied the proper burden of proof in determining that defendant mortgagors established partial payment of the mortgage debt and whether, if plaintiffs prevail on that issue, attorneys fees are allowable to plaintiffs on appeal in addition to the attorneys fees already awarded plaintiffs by the trial court. Because the trial court may have incorrectly assumed that the burden of proof on defendants' claim of partial payment rested upon plaintiffs, we remand but decline to award plaintiffs additional attorneys fees on this appeal.

Plaintiffs foreclosed four mortgages on commercial property owned by defendants by action. The district court ordered judgment in favor

of plaintiffs in the amount of $24,812.79, the full amount of the mortgage debt and monies advanced to pay real estate taxes and insurance on the mortgaged premises as demanded in the complaint, but allowed a credit of $5,148, including interest, to defendants upon their claim that such amount was paid to plaintiff by an assignment of rents during a 26-month period from October 1959 to December 1961. The evidence presented on this issue of fact was conflicting, and the court in explanation of its allowance stated:

"The Court in its determination gave credit to the Defendants for twenty-six payments of $120.00 each running from October 1959 through December of 1961 * * *.

"As is obvious to all parties in this case it is most difficult for the Court to reconstruct actually what took place as to the payments for this period of time and there is no clear cut evidence that the payments had not been made nor is there clear cut evidence that they had been made. Based upon the state of the record the Court feels it should give the benefit of the doubt to the Defendants in this matter."

It is fundamental that payment is an affirmative defense to be pleaded and proved by the party asserting it. Rule 8, Rules of Civil Procedure; Marshall & Ilsley Bank v. Child, 76 Minn. 173, 78 N. W. 1048 (1899).

Plaintiffs challenge the sufficiency of the evidence to support the court's allowance which conflicts with their oral testimony that no such payment was received. Defendants seek to demonstrate the contrary by oral testimony that such payments were made and by a recital of circumstantial evidence supporting an inference that payment had been made. Because documentary evidence was not available, and the circumstantial evidence offered by both parties was ambiguous and inconclusive, the resolution of this fact issue necessarily turns in large part on the credibility of the conflicting oral testimony.

It is not apparent from the trial court's explanation of the basis for the allowance that defendants have established payment by a fair preponderance of the evidence. It may well be that the court found the circumstantial evidence so inconclusive as to be in equilibrium and incorrectly assumed that the burden of proof was upon plaintiffs. In such cases "[w]here two opposing inferences can be drawn with equal justification from the same circumstantial evidence, it cannot be said that one preponderates over the other, in which event the party having the burden of proof must lose" (Gerhardt v. Welch, 267 Minn. 206, 210, 125 N. W. 2d 721, 724 [1964]), unless, of course, the issue can be resolved by crediting one of the parties' oral testimony. It is not the province of a reviewing court to do so. Indeed, findings of fact by a trial court

cannot be set aside as clearly erroneous without due regard being "given to the opportunity of the trial court to judge the credibility of the witnesses." Rule 52.01, Rules of Civil Procedure. We are thus compelled to remand for a reconsideration of this fact issue by the trial court on this record and proper application of the rule concerning burden of proof.[1]

In each of the mortgages involved in this action, defendants by express agreement empowered plaintiffs to "foreclose the mortgage by judicial proceedings" and to recover "the maximum attorney's fee permitted by law." Plaintiffs were awarded the sum of $2,250 in attorneys fees for the prosecution of this action at trial and now seek additional attorneys fees incurred in bringing this appeal.

Ordinarily attorneys fees are not allowed in the absence of statutory authority. Bierlein v. Gagnon, 255 Minn. 143, 96 N. W. 2d 573 (1959). Cf. Obraske v. Woody, 294 Minn. 105, 199 N. W. 2d 429 (1972). Minn. St. 582.01 supplies this authority in case of foreclosure by action. In pertinent part, § 582.01, subd. 1, provides: "The mortgagor may, in the mortgage, covenant to pay or authorize the mortgagee to retain an attorney's fee in case of foreclosure," and subd. 2 provides: "The court shall establish the amount of the attorney's fee in case of foreclosure by action." In light of the above statutory authority, the validity and effect of the mortgage provisions quoted above for allowance of attorneys fees at the trial level cannot be doubted.

Whether in the instant case attorneys fees should be allowed on a mortgagee's successful prosecution of an appeal, however, is far from clear. Plaintiffs simply assert that the imperative language of § 582.01, subd. 2, compels this court to award attorneys fees and offer to submit evidence of reasonable value to this court or the trial court. Defendants contend that subd. 2 simply means that attorneys fees in foreclosure by action should be awarded in the discretion of the trial court and not according to the statutory schedule applicable to foreclosure by advertisement. Our research has disclosed no mortgage foreclosure case in

---

[1] Although admittedly defendants did not plead payment as an affirmative defense, our reading of the record makes clear that plaintiffs did not specifically object to the admission of testimony on this issue nor were plaintiffs surprised at trial by this testimony. Having failed to object properly at trial, plaintiffs may not enlarge their objection for the first time either upon a motion for a new trial, Eilola v. Oliver Iron Min. Co. 201 Minn. 77, 275 N. W. 408 (1937), or upon appeal, Stevens v. Minneapolis Fire Dept. Relief Assn. 219 Minn. 276, 17 N. W. 2d 642 (1945), and thus have waived any claim of error.

which this court allowed additional attorneys fees on appeal, nor have the parties cited any such case or comprehensively briefed the issue.

We decline to decide this important first impression issue upon the record and arguments in this case because it appears that on the hearing of plaintiffs' post-trial motion for amended findings the parties shared responsibility for the error which necessitated the remand, and under these special circumstances, we conclude it would be inequitable to award plaintiffs additional attorneys fees.

We do note in passing that where the validity of a contract provision for allowance of attorneys fees is unassailable because authorized by statute it would appear that the meaning and intent of the parties as expressed in the specific language of the mortgage should be controlling as to whether attorneys fees will be allowed on appeal. Courts which have considered the issue are divided, however, both in cases where the mortgagee successfully defends an appeal as well as where the mortgagee successfully prosecutes an appeal. See, Annotation, 52 A. L. R. 2d 863.

No costs or disbursements are allowed to either party.

Remanded.