STATE of Minnesota, Respondent,

v.

Vincent Duane **FOLKERT**, Appellant.

No. C2-84-171.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Frederick S. Suhler, Jr., Rochester City Atty., Jodi Williamson, Rochester Asst. City Atty., Rochester, for respondent.

Terrence M. Walters, Rochester, for appellant.

Heard, considered, and decided by SEDGWICK, P.J., and RANDALL and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a DWI conviction in Olmsted County District Court. We affirm.

## FACTS

Vincent Duane Folkert, appellant, went out with friends after work for cocktails. During the course of the evening he consumed two brandy Manhattans, two glasses of wine with dinner, and two more brandy Manhattans after dinner.

Officer Stein stopped appellant after observing his car straddle and weave between lanes, and make a wide turn. Stein noticed appellant's watery eyes and the odor of alcohol on his breath, and asked appellant to perform field sobriety tests which he did with difficulty. Stein arrested appellant, brought him to the station for a breathalyzer test, and read him his rights. Appellant consented to a test which revealed a blood/alcohol concentration of .14.

Appellant's defense is that at the time he was stopped he was suffering from a "cluster headache." A cluster headache is a type of vascular headache which causes extreme pain, redness and watering of the eyes. The pain can sometimes be relieved by breathing pure oxygen.

The night appellant was arrested he refused to answer any questions and did not mention his headache to the police officer. The trial judge allowed the attorneys to comment on this prearrest silence.

Appellant testified that when he was stopped he was on his way to Gopher Welding to get oxygen to relieve his pain. However, it was 11:30 p.m. and he admitted that he had no idea whether the place was open.

An expert witness testified that cluster headaches would not have prevented appellant from performing the field sobriety tests. Nor would the condition affect his vision causing him to straddle lanes. The expert also testified that cluster headaches are often brought on by the consumption of alcohol.

Appellant Folkert was convicted of driving while under the influence in violation of Minn.Stat. § 169.121, subd. 1(a), but acquitted of driving with an alcohol concentration of .10 or greater in violation of Minn.Stat. § 169.121, subd. 1(d). He appeals raising the following issues:

## ISSUES

1. Was appellant denied a fair trial when the State was permitted to comment on appellant's prearrest silence?

2. When appellant failed to object to the admissibility of testimony that a *Miranda* warning was given may he object to its admissibility for the first time in a motion for a new trial?

## ANALYSIS

1. Appellant claims the use of his *prearrest* silence to impeach his credibility was unconstitutional. He claims the prosecutor's focus at trial on his failure to mention his cluster headaches when stopped denied him the fundamental fairness guaranteed by the Fourteenth Amendment.

Appellant relies on *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), which held that impeachment of the accused by his post-*Miranda* silence violated due process. However, appellant's reliance on *Doyle* is misplaced in light of *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) which held that impeachment of an accused by his *prearrest* silence was not constitutionally improper when a defendant chooses to testify in his own defense. Here, Folkert testified in his own defense.

The *Jenkins* court pointed out that the fundamental unfairness present in *Doyle* is not present in a prearrest silence situation because the silence is not government induced by a *Miranda* warning. 447 U.S. at 240, 100 S.Ct. at 2130.

"When he (the accused) takes the stand in his own behalf, he does so as any other witness, and * * * is subject to cross-examination impeaching his credibility just like any other witness." 447 U.S. 235–236, 100 S.Ct. at 2128, *quoting Grunewald v. United States*, 353 U.S. 391, 420, 77 S.Ct. 963, 982, 1 L.Ed.2d 931 (1957).

■ We hold the use of appellant's prearrest silence to impeach his credibility was not improper.

2. Appellant claims that he was denied a fair trial because evidence of a *Miranda* warning was admitted.

*State v. Beck*, 289 Minn. 287, 183 N.W.2d 781 (1971) held that it was reversible error to admit evidence that a *Miranda* warning was given where it was not intended as foundation for the admission of a voluntary confession by defendant, and it was properly objected to at trial.

Respondent argues that appellant is precluded from raising this issue on appeal because he did not object to the admission of this testimony at trial. He did, however, raise this issue in his motion for a new trial.

■ "Where allegedly improper or prejudicial evidence has been admitted without objection, a party may not object to its admissibility for the first time in a motion for a new trial or on appeal." *Helm v. El Rehbein & Son, Inc.*, 257 N.W.2d 584, 587, n. 2 (Minn.1977), *citing Poppler v. O'Connor*, 306 Minn. 539, 235 N.W.2d 617 (1975). Therefore, this issue is not properly before this court.

## DECISION

We affirm appellant's DWI conviction.