**STATE of Minnesota, Respondent,**

v.

**Falilu A. ALOWONLE, Appellant.**

No. CO–84–475.

Court of Appeals of Minnesota.

Oct. 16, 1984.

Review Denied Jan. 14, 1985.

Hubert H. Humphrey, Atty. Gen., Robert J. Alfton, Minneapolis City Atty., James H. Peterson, Asst. City Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, David Knutson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK, and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from a jury verdict finding appellant Falilu Alowonle guilty of two counts of assault in violation of Minneapolis City Ordinance § 385.190 (1982), and two counts of disorderly conduct in violation of Minneapolis City Ordinance § 385.-90 (1982). Appellant claims the trial court improperly prevented him from introducing an exculpatory photograph and erred in its instructions by directing a verdict on assault. He also contends the prosecutor committed misconduct in final summation and that the evidence was insufficient to convict. We affirm.

## FACTS

Appellant attended a party at the International Center at the University of Minnesota. Vic Abba also attended the party. Abba left for a short time and when he tried to reenter, he was pushed down the stairs and beaten by appellant and several

others. When Emanuel Ugocha asked appellant why he was fighting, appellant hit Ugocha in the eye with a bottle.

What appellant wore that evening is disputed. However, at trial, appellant was positively identified as one of the persons who struck Abba. Ugocha testified that appellant also struck him.

Appellant denied hitting anyone that night. His wife and two brothers also testified that appellant was not involved in the incident. One of appellant's brothers testified that Jubriel, a student from Texas, committed the assault.

The jury convicted appellant of two counts of assault and two counts of disorderly conduct.

## ISSUES

1. Did the trial court err in preventing appellant from introducing photographs which allegedly were taken at the International Center during the evening in question?

2. Did the trial court's instructions improperly direct a verdict and improperly comment on the evidence?

3. Did the prosecutor commit prejudicial prosecutorial misconduct?

4. Was the evidence sufficient to convict appellant?

## ANALYSIS

1. Appellant contends the trial court erred in excluding photographs showing appellant wearing clothes inconsistent with the testimony of the State's witness. Defense counsel did not object to this ruling at trial. In chambers, the trial court explained that defense counsel could have gotten the photos admitted through another witness.

■ Because defense counsel failed to object in court to the trial court's ruling there was no error in excluding the photos. Minn.R.Evid. 103; *State v. Folkert*, 354 N.W.2d 583 (Minn.Ct.App.1984). Moreover, the trial court's ruling was a proper

exercise of its discretion under Minn.R. Evid. 403.

■ Appellant's constitutional rights were not violated. Appellant had a fair opportunity to defend against the State's accusations. *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973). It is well-established that in exercising the right to present evidence on his behalf a defendant must comply with established rules of procedure and evidence. *Id.* at 302, 93 S.Ct. at 1049.

The evidence here was of minimal importance considering the eyewitness identification was based solely on the facial features of appellant, not on clothing. Moreover it is clear the trial court excluded the evidence based on considerations of Rule 403.

■ 2. We find no error in the trial court's instructions. The trial court did not direct a verdict on assault when it stated:

There are certain areas in which there are no disputes and there are other areas in which there are substantial disputes. It is going to be for you to determine what actually occurred, in other words to overcome the particular disputes and the evidence and determine what happened. * * * Now, with respect to this, there seems to be no dispute whatsoever that Emanuel Ugocha and Vic Abba were at the location at the University of Minnesota, International Center and that they were injured. The fact really is going to be for you to determine who or whom caused these particular injuries and that gets down to really the crux to what you are ultimately going to have to make your decision on.

■ The trial court did not commit prejudicial error in commenting to the jury. It is true the trial court should not comment on the evidence. Minn.R.Crim.P. 26.03, subd. 18(5). However, the comments that there were "some improprieties with respect to the establishment of this particular party" and that the gathering turned into "a good old time political rally" were brief and corrected by the trial court when it said:

The mere fact that you may find that there was some impropriety with the respect of the establishment of this particular party, that in and of itself is not a basis that you could find anybody committed a violation of law which are here.

3. Appellant contends the prosecutor's closing argument constituted prosecutorial misconduct requiring a new trial because his comments implied the defense failed to call witnesses.

The prosecutor said:

I thought, perhaps, the most interesting testimony was that of the older brother who was the so-called gateman at the party. His testimony was—and for the first time we learned, you the jury, I, the police learned that they were actually pointing out someone else as the actual assailant. This assailant who we know only as "Jubriel" or whatever his name was—began with a "J"—who subsequently we learned went to Houston, Texas who came up to the party, left, never to be seen again, that he was the actual assailant. We submit that's poppycock. It's a matter of fabrication simply to give credence to the assault. It's also very convenient because the man is not here, never was here, the police and no one else were aware of him, and even if they were, they would not have had the opportunity to question him. Indeed, at this late date for an older brother at this particular time, we believe it's a pure fabrication. Similarly, each of the other testimony that we heard.

 Appellant's contention is without merit for three reasons: (1) His defense counsel never objected to these or other complained of comments at trial; therefore, they are not properly appealable. *State v. Russell*, 330 N.W.2d 459, 461 (Minn.1983); *State v. Rose*, 353 N.W.2d 565 (Minn.Ct.App.1984); (2) Prosecutors may argue that a "phantom attacker" does not exist; (3) Even if the comments could be interpreted as an implication that defendant failed to call "Jubriel," under the standards set out in *State v. Caron*, 300 Minn.

123, 218 N.W.2d 197 (1974), no reversible error occurred.

 4. The evidence is sufficient to sustain the conviction. Three witnesses positively identified appellant as an assailant. *State v. Ellingson*, 283 Minn. 208, 167 N.W.2d 55 (1969). In reviewing the record in the light most favorable to the verdict, a jury could reasonably conclude appellant was guilty. *State v. Merrill*, 274 N.W.2d 99 (Minn.1978); *State v. Heinzer*, 347 N.W.2d 535 (Minn.Ct.App.1984).

### DECISION

The trial court did not commit reversible error in its evidentiary ruling excluding photographs or in its jury instructions. The prosecutor did not commit prejudicial prosecutorial misconduct and the evidence was sufficient to convict.

Affirmed.