Marian A. SCHAUB, Appellant,

v.

Rosemary A. KORTGARD and The Gelateria, Inc., Respondents.

No. C1–85–401.

Court of Appeals of Minnesota.

Aug. 13, 1985.

J. Bertram Press, Minneapolis, for appellant.

Rosemary A. Kortgard, pro se.

Considered and decided by FORSBERG, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order directing a buy-out of appellant's shares in a closely-held corporation. The trial court directed a verdict against appellant on her claim of breach of fiduciary duty, and appointed an independent appraiser to appraise the value of her interest. We affirm and remand in part.

## FACTS

Appellant Marian Schaub and respondent Rosemary Kortgard are sole shareholders in a closely-held corporation, The Gelateria, Inc., which operates a store selling Italian-style ice cream. Following initial planning and discussions in the fall of 1983, each paid in $7,000 in exchange for 7,000 shares in the corporation, and loaned the corporation $10,000 in exchange for promissory notes from the corporation.

The store opened for business on December 1, 1983. Before the opening, it was determined that the business needed additional capital of $20,000. Schaub raised this money by placing a second mortgage on her home and, following a discussion with Kortgard, loaned the sum to the corporation rather than investing it in exchange for additional shares. Schaub testified that Kortgard told her that she did not want to go into the business with less than a 50 percent interest. The parties agreed that Kortgard personally would repay the $20,000 loan, and she gave Schaub a third mortgage on her house and a promissory note for $10,000.

The business started poorly due to personal difficulties between Schaub and Kortgard, who very soon were not on speaking terms with each other. Kortgard, after a vacation taken to give the business further thought, left a note to Schaub the first week of January, 1984, reviewing their problems and suggesting that she could buy Schaub out for $40,000, or Schaub could buy her interest for $30,000. Schaub

contacted an attorney who replied on her behalf, accepting the $40,000 buy-out "offer." The parties, however, never agreed on the terms of sale and no contract was formed.

The course of events following this breakdown of negotiations was disputed. Schaub claimed that she was "frozen out" of the operation of the business by Kortgard, and that she was denied access to a part of the business premises. Kortgard claimed that Schaub voluntarily abandoned the business, substantially reducing the hours she devoted to it.

Schaub brought this action claiming a breach of fiduciary duty, a deadlock of the directors, and other statutory grounds for involuntary dissolution of a corporation, Minn.Stat. § 302A.751, subd. 1(b) (1984). She sought, alternatively, a dissolution or sale of the business, a forced sale of Kortgard's interest to her, or judgment for the amount of her contribution.

Following the presentation of Schaub's case, the trial court, sitting without a jury, dismissed the claim of fraud, or breach of fiduciary duty. The trial court heard testimony and received evidence on the negotiations between the parties. Although it made no formal finding on this issue, it stated in an accompanying memorandum that no contract had been formed. Appellant concedes this.

Following trial, and Kortgard's request in written final arguments for an order directing a buy-out of Schaub's shares in the corporation, the trial court decided to appoint an independent appraiser to appraise the parties' interests. The court solicited recommendations from both parties. Schaub objected to appointment of an appraiser and made no recommendation. The court directed Kortgard to supply the data required for the appraisal, and gave Schaub an opportunity to challenge that information. The appraiser, after determining that Schaub's loans to the corporation should be treated as equity, estimated the value of the corporation at $18,928, with Schaub having a 69 percent interest worth $13,060. The trial court ordered a sale of this interest to Kortgard at that price.

## ISSUES

1. Did the trial court err in dismissing the claim of breach of fiduciary duty?

2. Did the trial court properly determine the value of the parties' interests in the corporation?

## ANALYSIS

### I.

The trial court granted Kortgard's motion to dismiss the claim of fraud, or breach of fiduciary duty, on the ground that no right to relief had been shown. Minn.R. Civ.P. 41.02(2).

Schaub argues, generally that the trial court did not make findings of fact sufficient for appellate review. As to the dismissal of the fraud claim, the findings of fact required by Rule 41.02(2) were made as part of the order, although not labeled as such. As to the statutory grounds for dissolution of the corporation, or a forced buy-out, the court made findings as indicated by the statute. Minn.Stat. § 302A.751, subds. 1, 2 (1984). Although these findings were not detailed, Schaub does not claim that a deadlock did not exist. *Cf.*, *In Re Lakeland Development Corp.*, 277 Minn. 432, 152 N.W.2d 758 (1967) (comprehensive findings on statutory grounds for dissolution were required where existence of deadlock was disputed).

There is some confusion in the record as to whether Schaub was claiming fraud or misrepresentation by Kortgard, or a breach of the fiduciary duty owed by a director to another director and to the corporation. Schaub claims that Kortgard, as an attorney and C.P.A., should have advised Schaub on the options for treating her $20,000 contribution to the corporation, or should have structured that transaction differently. Schaub's own testimony, however, showed that Kortgard candidly insisted on maintaining a 50 percent interest in the corporation. There was no evidence of

fraud in either the mortgage or promissory note given to secure the loan.

■ The claim of breach of fiduciary duty is premised on the loan transaction and also other actions allegedly taken by Kortgard to exclude Schaub from the management of the business. The trial court, however, could have found that these actions were justified by the alleged voluntary withdrawal of Schaub from the business.

This court is not in a position to assess the credibility of the witnesses or to resolve their conflicting allegations arising out of the thorough breakdown of their business relationship. *Poppler v. O'Connor*, 306 Minn. 539, 540–41, 235 N.W.2d 617, 618–19 (1975). In general, however, there is no showing of a breach of duty comparable to that established in *Evans v. Blesi*, 345 N.W.2d 775 (Minn.Ct.App.1984), where one party used threats and intimidating tactics to force a partner to surrender majority control, and later to resign, or *Sheehan v. Mondati*, 312 N.W.2d 921 (Minn.1981), involving the appropriation of a corporate opportunity.

## II.

The trial court, having found a deadlock between the directors, Schaub and Kortgard, directed a sale of Schaub's interest to Kortgard, following motions by both parties to order a forced buy-out.

The statute provides that the court may order the shares of either party sold at their fair value. Minn.Stat. § 302A.751, subd. 2. If the parties are unable to agree on fair value, the court shall determine it, according to the provisions of Minn.Stat. § 302A.473, subd. 7 (1984). That statute provides, in part:

> The jurisdiction of the court is plenary and exclusive. The court may appoint appraisers, with powers and authorities the court deems proper, to receive evidence on and recommend the amount of the fair value of the shares.

*Id.*

Schaub contends that this statute does not give the appraiser the authority to determine that her loans to the corporation should be treated as capital contributions. We agree.

■ A court, in the exercise of its equitable powers, may set aside a transaction or ignore the form of that transaction, particularly where the parties are in a confidential or fiduciary relationship. *Naeseth v. Hommedal*, 109 Minn. 153, 123 N.W. 287 (1909). A shareholder's loan to the corporation may, after a consideration of all the facts and circumstances, be treated as a contribution of capital. 12B Fletcher, *Cyclopedia of Corporations*, § 5739 (1984). The trial court, however, made no findings on this issue, relying instead on the appraiser's valuation.

■ The statute does not authorize a delegation of the equitable powers of the court, by which it could treat the loan as a capital contribution, to the , appraiser, whose function is only to receive evidence bearing on fair value and to provide evidence on valuation in the form of a recommendation to the court. The trial court heard testimony relating to the loan by Schaub to The Gelateria, and the conditional promissory note and third mortgage executed by Kortgard to Schaub. We remand to the trial court for findings on the proper treatment of the contribution by Schaub, and the resulting valuation of her shares in the corporation.

## DECISION

The trial court did not err in dismissing the claim of a breach of fiduciary duty. The court had statutory grounds for ordering a buy-out of appellant's shares and properly appointed an appraiser to determine the value of the corporation's shares. The appraiser did not have authority to treat appellant's loan as a capital contribution.

Affirmed and Remanded in Part.