**Dean RODEBERG, Appellant,**

v.

**Merle WECKWERTH, et al.,
Respondents,**

**LeLand Winge, Defendant.**

No. CO–87–54.

Court of Appeals of Minnesota.

July 14, 1987.

Ronald C. Anderson, Hulstrand, Anderson & Larson, Willmar, for appellant.

DePaul Willette, Willette Kraft Walser Nelson & Hettig, Olivia, for respondents.

Heard, considered, and decided by LANSING, P.J., and RANDALL and HUSPENI, JJ.

## OPINION

RANDALL, Judge.

In 1985 respondents successfully sued appellant and his son for specific performance on a contract for deed. In its order and judgment, the court retained continuing jurisdiction to supervise the specific performance order. After appellant defaulted on his 1986 installment under the contract for deed, respondents moved for and were granted judgment in the amount of the delinquent installment. Dean Rodeberg appeals. We affirm.

## FACTS

The underlying facts are not in dispute. In 1983 appellant and his son Lee purchased from respondents, by contract for deed, two parcels totalling 80 acres in Chippewa County. Although Lee Rodeberg is also in default, only Dean Rodeberg's contract is before us on appeal. The terms of

appellant Dean Rodeberg's contract called for a down payment with the balance to be paid in annual installments on April 15 of each year, and a balloon payment is due in 1993. Appellant made the 1984 payment, but paid neither the 1985 installment nor the 1985 real estate tax.

In 1981, two years prior to execution of the contract for deed, respondents pledged this land as collateral for a loan from the Federal Land Bank of St. Paul. On March 5, 1985, before appellant defaulted on the contract, his attorney contacted respondents and claimed the unpaid principal respondents owed the Federal Land Bank would make unlikely the delivery of marketable title when the contract for deed was paid in full.[1] This is due to the fact that the mortgage amount due from respondents to Federal Land Bank exceeds the amount due to respondents from appellant's 1993 balloon payment.

In the underlying lawsuit, tried in 1986, appellant claimed respondents falsely represented that the land was free of encumbrances and claimed respondents' balance due to the Federal Land Bank exceeded the collective amounts due under the Rodebergs' contracts for deed. After a trial, the court found that, although the printed contract for deed stated there were no encumbrances on the land, appellant and Lee Rodeberg knew prior to closing that the land was encumbered by the Federal Land Bank mortgage, and did not rely on the language in the contract for deed purporting the land to be unencumbered. Appellant did not have a title examination done because his attorney told him it was unnecessary.

The court found appellant's claim that respondents would be unable to deliver marketable title in 1993 was speculative, and ruled against appellant on his anticipatory breach of contract claim. The court found the contract for deed valid and enforceable, and ordered specific performance by appellant. The court retained jurisdiction over

the parties and the subject matter of the counterclaims, specifically the Contracts for Deed between the parties, so that any questions as to the enforcement of the terms of the contracts can promptly and without delay be presented to the court for resolution, or for the necessity of commencing a new action.

In its memorandum, the court explained:

I have continued jurisdiction over the parties and the subject matter of this lawsuit to provide an easy and quick remedy for the enforcement of the contracts as a result of the finding of specific performance. Any future disputes or claims can be readily resolved by motion without the necessity of commencing new litigation.

## ISSUES

1. Did the trial court have jurisdiction to order judgment against appellant for the past due installment where no new lawsuit was commenced?

2. Did the trial court properly award respondents attorney fees?

## ANALYSIS

### I.

*Jurisdiction*

Appellant argues the trial court lacked jurisdiction to enter judgment for the past due installment because no underlying suit was commenced. He argues that the court, by ordering judgment for the unpaid 1986 installment "in a summary fashion" deprived him of certain procedural rights, including the right to a jury trial under Minn.R.Civ.P. 38.01 and Minn. Const. Art. 1

1. We note there is validity to appellant's fear that respondents may be unable to deliver marketable title to him when his contract balloons in 1993. Lee Rodeberg purchased his parcel for $115,940, with a down payment of $31,940 and balance due in fifteen annual installments of $9,866.64. Dean Rodeberg purchased his parcel for $124,000, with a down payment of $33,000 and a balance of $91,000 due in 10 annual installments to balloon in 1993. The Weckwerths mortgaged these two parcels and an additional 80 acres to Federal Land Bank for $221,552.96. Federal Land Bank has not agreed to release Dean Rodeberg's land if he pays in full and Lee Rodeberg does not.

§ 4. He claims he was deprived of his right to interpose an answer and counterclaim, to conduct discovery, and to introduce evidence.

■ We hold the trial court had inherent power to retain equitable jurisdiction over this matter. Judgment was entered following a hearing, at which appellant had the opportunity to present evidence and make oral argument. The forms of equitable remedies are "unlimited as the powers of such courts to shape relief awarded in accordance with the circumstances of the particular case." *Prince v. Sonnesyn*, 222 Minn. 528, 538, 25 N.W.2d 468, 474 (1946).

> A court of equity has the power to adapt its decree to the exigencies of each particular case so as to accomplish justice. It is traditional and characteristic of equity that it possess the flexibility and expansiveness to invent new remedies or modify old ones to meet the requirements of every case * * *.

*Beliveau v. Beliveau*, 217 Minn. 235, 245, 14 N.W.2d 360, 366 (1944) *cited in Prince*, 222 Minn. at 538, 25 N.W.2d at 474. While not strictly on point, there is precedent for retention of equitable jurisdiction for supervisory purposes in family law cases. If an obligor, for example, falls in arrears on a maintenance or support obligation, because the court retains continuing jurisdiction throughout the life of the obligation, the court can enforce the decree's terms on a motion hearing. The obligor is not entitled to a new trial each time he falls into arrears, because the underlying obligation to pay has already been judicially determined. The obligor's rights are deemed adequately protected in a motion hearing, where evidence may be produced and defenses raised.

Here the court acted properly by retaining supervisory jurisdiction. However, should appellant again fall into arrears, he has the right to, in some fashion, present any defenses he might have. Although possible future delinquencies may be resolved by motion practice, appellant is not limited to this form of relief. His defense to future payment obligations under the contract may entitle him to use of discovery rules and the right to a full evidentiary hearing.

The trial court could properly have ruled that respondent had. to bring a separate lawsuit for each delinquent installment. However, in this matter, the court issued a specific performance decree after a two day trial in 1985. The decree meant appellant was legally obligated to make the installment payments, and that respondents had not defrauded appellant at the time the contract was signed.[1] Following trial, when the next installment was due, appellant notified respondent that he did not intend to make the 1986 installment. At that point he was in violation of the contract for deed and the specific performance decree, and respondents properly brought on a motion to compel payment.

The trial court anticipated the need to provide for continuing jurisdiction, and, under *Prince*, we hold the court did not err. Moreover, since appellant did not appeal retained jurisdiction after the 1985 trial, retained jurisdiction became the law of the case. *See Lange v. Nelson-Ryan Flight Service, Inc.*, 263 Minn. 152, 155, 116 N.W.2d 266, 269 (1962).

## II.

### Attorney Fees

■ The trial court awarded respondent attorney fees but did not give any authority for the award. Ordinarily attorney fees are not awarded in the absence of statutory authority. *Poppler v. O'Connor*, 306 Minn. 539, 541, 235 N.W.2d 617, 619 (1975). Also, the contract between appellant and respondents did not contain a negotiated clause for the payment of attorney fees if respondents had to sue. There is no issue of Minn.Stat. 549.21, subd. 2, bad faith attorney fees. We reverse the award of attorney fees.

1. Appellant did not appeal the fraud and mispresentation issues which were all decided against him at this trial.

## DECISION

The trial court had jurisdiction to enter judgment for the delinquent contract for deed installment. The court erred by awarding attorney fees.

Affirmed in part, reversed in part.

LANSING, J., concurs specially.

LANSING, Judge (concurring specially).

I concur in the result.