In re the Marriage of Ann C. LaFRENI-
ERE–NIETZ, n/k/a Ann C. LaFreni-
ere, Petitioner, Appellant,

v.

John Malcolm NIETZ, Respondent.

No. C7–95–2252.

Court of Appeals of Minnesota.

May 7, 1996.

Paul F. Shoemaker, Shoemaker & Shoemaker, Minneapolis, for appellant.

Geraldine Carlen Steen, Steen & Troesch, Minnetonka, for respondent.

Considered and decided by PARKER, P.J., and SCHUMACHER and MANSUR,* JJ.

## OPINION

MARTIN J. MANSUR, Judge.

Following the dissolution of the marriage of appellant Ann C. LaFreniere and respondent John Malcolm Nietz, the district court issued an order establishing respondent's child support and maintenance arrearages. The district court ordered respondent to pay $250 per month towards the arrearages and prohibited appellant from further garnishing respondent's wages, unless respondent fails to make his monthly payment. Appellant challenges the restriction on her rights as a judgment creditor.

## FACTS

In May 1994, the district court issued a judgment dissolving the parties' marriage and granting appellant full legal and physical custody of the couple's minor child. The district court found that respondent's net monthly income varied each month and ordered respondent to pay 25% of his net monthly income for child support. In addition to respondent's arrearages in spousal

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 10.

maintenance under a prior order, the district court ordered respondent to pay appellant $200 per month in spousal maintenance for 18 months.

In August 1994, appellant filed a motion for an order establishing a fixed amount for respondent's child support obligation, child support arrearages, and spousal maintenance arrearages. Based on the child support guidelines and respondent's average income from the previous 11 months, the district court ordered respondent to pay $691 in monthly support. After a $3,768.10 judgment was entered against respondent for unpaid child support, appellant began to garnish respondent's wages.

In June 1995, respondent filed a motion to reduce the amount owed on garnishment and to reduce the percentage on garnishment from 25% to 5% due to his high debt. Respondent claimed that between October 1994 and March 1995 his net pay was only $2,105.97, and that he did not receive a paycheck during that time. Respondent's employer had paid appellant the full $891 per month for five months, but his employer stopped paying appellant when it realized that respondent had only earned $1,215.46 throughout that time. Respondent paid $2,348.54 back to his employer.

In June 1995, the district court adopted the recommended findings of the referee. Accordingly, the court found:

5. Both parties indicate that the financial issues have caused problems with regard to their parenting of their minor child, who is currently ten years of age. While the Court recognizes that Petitioner may have the right under the law to take a high percentage of Respondent's income to pay arrears, the Court must also consider the overall impact on this family. If Respondent is unable to make his car payments and pay his rent, it is unlikely that he will be able to continue to maintain his employment, which would result in a much greater significant financial impact on Petitioner and the minor child. In addition, the present financial issues have been a cause for much hard feeling between the parties

with resulting impact on the child's visitation.

The court ordered:

1. Commencing July 1, 1995, Hennepin County Support and Collections Services shall collect, over and above spousal maintenance of $200.00 per month and child support of $691.00 per month, the sum of $250.00 as payment towards the adjudicated arrears which are presently in the amount of $2,946.96 and unadjudicated child support and maintenance arrears which are presently in the amount of $1,719.16. This $250.00 payment shall be by automatic income withholding. Support and Collections may also utilize a tax intercept program as payment towards all arrears. 2. So long as Petitioner is receiving $250.00 per month as payment towards child support and maintenance arrears, she shall not make additional garnishment on Respondent's wages. In the event that the $250.00 payment is not being made, Petitioner shall be entitled to exercise all of her rights relative to the outstanding judgment against Respondent.

On September 12, 1995, the district court affirmed that order.

## ISSUES

1. Did the district court abuse its discretion by restricting appellant's ability to garnish respondent's wages to recover child support and spousal maintenance arrearages?

2. Did the district court's limitation on appellant's ability to garnish respondent's wages violate appellant's right to equal protection of the laws of this state?

## ANALYSIS

 The district court is accorded broad discretion in providing for the support of the children of the parties. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). Absent clear error, we will uphold the findings of the district court. *Id.;* Minn. R. Civ. P. 52.01. When questions of law are involved, we will not defer to the district court. *Aratex Servs. v. Blue Horse, Inc.,* 497 N.W.2d 283, 285 (Minn.App.1993), *review denied* (Minn. May 11, 1993).

### 1. Equity

█ Appellant argues that the district court abused its discretion by restricting her ability to garnish respondent's wages, because Minn.Stat. § 571.922 (1994) provides limitations on wage garnishment and prohibits additional limitations. We disagree. Appellant relies on that provision's instruction that "[n]o court may make, execute, or enforce an order or any process in violation of this section." *Id.* That statement, however, simply prohibits a court from permitting a creditor to garnish a judgment in an amount that exceeds the stated limitation.

Appellant contends that the court's equitable powers do not extend to this case, because "[g]arnishment is essentially a statutory remedy." *Gustafson v. Johnson*, 235 Minn. 358, 373, 51 N.W.2d 108, 116 (1952). The court's equitable powers, however, have been extended to the area of family law:

> A trial court does not lose authority to do equity in family law unless there is a pure question of law. A district court has equitable jurisdiction in dissolution actions, and "relief may be awarded as the facts in each particular case and the ends of justice may require."

*Karypis v. Karypis*, 458 N.W.2d 129, 131 (Minn.App.1990) (quoting *Johnston v. Johnston*, 280 Minn. 81, 86, 158 N.W.2d 249, 254 (1968)) (trial court prevented inequity by finding that, although father had not paid child support, father had satisfied his child support obligation by providing for the care and support of the children living with him), *review denied* (Minn. Sept. 14, 1990); *see also Rodeberg v. Weckwerth*, 409 N.W.2d 57, 59 (Minn.App.1987) ("there is precedent for retention of equitable jurisdiction for supervisory purposes in family law cases").

█ Moreover, a court may supplement statutes with equitable principles. *Swogger v. Taylor*, 243 Minn. 458, 464–65, 68 N.W.2d 376, 382 (1955) (holding that statute must not be construed in derogation of equitable principles, "unless so required by express·words or by necessary implication and then only to the extent clearly indicated"). Here, the district court applied its equitable powers in an area where the garnishment statute is silent.

Appellant suggests that the district court order fails to promote equity because it denies her the ability to satisfy the judgment more quickly if respondent's wages increase, it jeopardizes her ability to satisfy the judgment before its expiration under Minn.Stat. § 550.01 (1994), its remedial aspect is illusory, and it promotes financial warfare between the parties. Although appellant challenges the fact that an increase in respondent's salary will not translate to an earlier satisfaction of the judgment, appellant herself asked the court to modify child support from a percentage of respondent's monthly income to a flat monthly sum.

Minn.Stat. § 550.01 provides that a judgment creditor may proceed to enforce the judgment within 10 years of the entry thereof. In the June 1995 order, the district court determined that respondent was in arrears for support and maintenance in the total amount of $4,666.12. Assuming that respondent pays $250 each month, that sum will be paid off in 19 months. In other words, in less than two years, respondent will have paid $250 per month in arrears as ordered, or appellant will be free to exercise her garnishment rights. Thus, the district court order provides appellant a large window of time to exercise her rights as a judgment creditor.

Appellant disputes the remedial aspect of the district court's order that makes any further garnishment contingent on respondent's failure to pay his monthly arrearages obligation. She claims that garnishment would serve no purpose in such an instance because presumably respondent's wages would have fallen below the amount of his obligation and he would have no additional funds. It is true that appellant will not be able to recover past earnings that respondent has depleted. Nevertheless, under Minn. Stat. § 571.922, she will have the opportunity to garnish respondent's wages for the next several years at 55% of his disposable income.

Finally, appellant challenges the district court's determination that allowing her to garnish additional wages would exacerbate the impact of financial issues on the parties's minor child. The record, however, supports

the district court's finding that respondent had been experiencing financial difficulties and that those difficulties had interfered with the parties's parenting of their minor child. Appellant admitted that respondent repeatedly cited financial problems as the reason for his inability to visit their child. Thus, the district court's conclusion regarding the impact of garnishment is not clearly erroneous.

## 2. Equal Protection

Appellant argues that the district court's limitation of her garnishment remedy violates her constitutional right to equal protection of the laws of this state, because it effectively deprives her of her rights as a judgment creditor under Chapter 571 of the Minnesota Statutes. To determine whether a law violates the equal protection clause, a court must consider

> (1) the character of the classification in question; (2) the individual interests affected by the classification; and (3) the governmental interests asserted in support of the classification.

*Davis v. Davis*, 297 Minn. 187, 192, 210 N.W.2d 221, 225 (1973). Here, appellant is challenging a court order applying an equitable principle rather than a law involving a classification. Thus, appellant fails to state an equal protection claim.

## DECISION

The district court did not abuse its discretion when it prohibited appellant from making additional garnishment on respondent's wages, unless respondent fails to make his $250 monthly payment towards arrearages. The district court properly exercised its equitable powers in an area in which the garnishment statute is silent and determined that additional garnishment would adversely impact the parties' minor child. The district court's order does not violate appellant's right to equal protection.

**Affirmed.**