Galen B. HONN, Respondent,

v.

COIN & STAMP GALLERY,
INC., Appellant.

No. C7–86–1515.

Court of Appeals of Minnesota.

June 9, 1987.
Review Denied Aug. 12, 1987.

Robert J. Hennessey, Jonathon G. Lande, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, for respondent.

Benjamin M. Kail, St. Paul, for appellant.

Heard, considered, and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

Respondent Galen B. Honn commenced this action against appellant Coin & Stamp Gallery, Inc. to recover on two notes. This appeal is from an order denying the corporation's motion for a new trial. We reverse and remand.

### FACTS

Coin & Stamp was incorporated in the spring of 1983 by Honn and by Harold B. Kail for the purpose of selling rare coins and stamps. Honn and Kail were the sole shareholders, with Kail serving as president and chief executive officer, and Honn as treasurer and chief financial officer. The corporation began to transact business in July 1983.

In exchange for a loan of $60,000, Honn received a promissory note dated July 26, 1983 from the corporation. The note accrued interest at 10% per year and was repayable in 60 equal monthly installments of $1,274.83 commencing August 1, 1983. The note further provided that upon default "the unpaid portion of this note with interest and reasonable costs of collection, shall at the option of the holder become due and payable without notice or demand."

A second board meeting was held two days later on July 28, 1983. Minutes from this meeting state:

> It was noted that the Treasurer [Honn] had not yet issued corporate stock to the shareholders.

> Motion was made, seconded and carried to amend the required consideration for 100 shares of stock from $15,000.00 to $5,000.00, and to direct the Treasurer to issue 100 shares of stock to both shareholders upon receipt of $5,000.00 capital in cash or inventory.

These minutes further mention the $60,000 promissory note to Honn and the authorization by the board to borrow $60,000 of inventory from Kail in return for a similar promissory note.

Following a third board meeting, demand promissory notes were executed on September 14, 1983 to Honn (in exchange for $31,000 cash) and to Kail (in exchange for $31,000 in inventory).

The next board meeting was held in February 1984 to discuss acceptance of additional corporate capital from the shareholders. The board agreed to convert $10,000 of Honn's cash loan into equity and to convert the same amount of Kail's inventory loan. In return, each shareholder received another 200 shares of stock.

Coin & Stamp ceased doing business in March 1984 after the United States Postal Inspector seized its inventory. Following

an investigation for mail fraud, most of the inventory was turned over to Richard Schieffer, one of the corporation's attorneys. On June 29, 1984, Honn and Kail entered into a Shareholders Agreement which stated that because "the corporation has been forced out of business * * * liquidation * * * is the next logical step." Under its terms, most of the coins held by Schieffer were distributed, with Honn receiving $41,945 worth of coins and Kail $28,075. At the time of trial, about $15,400 remained in escrow under Schieffer's control.

Kail was thereafter charged in federal court with 15 counts of mail fraud for overvaluing coins. He was convicted on all counts. In May 1985, he was sentenced to 51 years and is currently imprisoned.

Honn commenced this action against the corporation in October 1984 to recover on the $60,000 promissory note and on the $31,000 demand promissory note. In his capacity as the other 50% shareholder and as an officer and director of the corporation, Kail authorized two attorneys (one of whom is his father) to represent and defend the corporation. Kail himself, however, is not a party to this action and has not been involved in these proceedings.

The corporation filed an answer, and was subsequently granted leave to amend that answer twice and assert a counterclaim in which it asserted certain set-offs to the notes and breaches of fiduciary duty. At trial, Honn and his attorney represented that corporate assets remained in two funds: the first consisting of assets remaining in Schieffer's control, and the second of coins or money which are currently the subject of a federal impleader action. Honn admitted that the corporation had a number of other claims pending against it by other creditors. When served with these other claims, Honn testified that he has turned them over to Schieffer but that

he has since instructed Schieffer not to expend any more funds in defense of those claims.

Based on the evidence presented, the trial court made a number of findings regarding the validity of the notes and the parties' entitlement to various set-offs. No findings were made addressing the corporation's breach of fiduciary duty claim. Judgment was entered in Honn's favor on the notes in the amount of $61,270.24 and for attorneys' fees of $9,698.95. The corporation's counterclaim was dismissed with prejudice.

This appeal followed denial of Coin & Stamp's motion for a new trial.

## ISSUE

Did the trial court err as a matter of law in failing to make findings on the corporation's breach of fiduciary duty claim?

## ANALYSIS

Our review is limited to those issues presented in Coin & Stamp's new trial motion, which include a claim that the decision is not justified by the evidence and is contrary to law. *Rein v. Town of Spring Lake*, 275 Minn. 79, 82, 145 N.W.2d 537, 540 (1966).

The evidence supports the trial court's findings regarding the validity of the notes,[1] which are signed by the directors and officers of the corporation and supported by adequate consideration. The evidence further supports findings that Honn was a true creditor and not an investor as to these notes. *See Schaub v. Kortgard*, 372 N.W.2d 427, 430 (Minn.Ct.App. 1985) ("A shareholder's loan to a corporation may, after a consideration of all the facts and circumstances, be treated as a contribution of capital.") The evidence also supports the trial court's set-off allowances of $32,698.56 (representing the total

---

1. Coin & Stamp admits that the demand promissory note is valid and challenges only the promissory note. It insists that three or four promissory notes existed because there is mention of a promissory note in the minutes of the first board meeting, in an Operations Agreement (which was signed on July 1, 1983 and defined

the rights and responsibilities of Honn and Kail with respect to the management of the corporation), and in the minutes of the second board meeting on July 28, 1983. Honn testified that these references are to the same note. Examination of these documents leads us to conclude that there was only one promissory note.

amount received by Honn on the promissory note prior to default) and $10,000 (representing the February 1984 equity conversion).

While the trial court's findings regarding the validity of the notes and the amount owed are adequate and supported by the evidence, no findings were made with respect to the corporation's breach of fiduciary duty claim. In its pleadings and at trial, the corporation asserted that Honn had misappropriated corporate funds and that his actions would give him preferential treatment to the detriment of other corporate creditors. The trial court misinterpreted these claims when it found that because the Shareholders Agreement and other assets retained by Honn were not intended as repayment of the loan, the corporation was not entitled to set-off these amounts. It made no findings addressing the validity of the corporation's claim that these actions constituted a breach of fiduciary duty.

Nor were findings made on the corporation's preferential treatment claim, apparently because the trial court believed that the corporation lacked standing to raise such an argument. Findings which are controlled or influenced by errors of law are not final on appeal and may be set aside. Therefore, the evidence may be considered without the aid of findings to determine whether it warrants the challenged conclusion. *In Re Trust of Holden*, 207 Minn. 211, 227, 291 N.W. 104, 112 (1940).

The trial court analyzed this case strictly on a note theory and essentially failed to account for Honn's status as a corporate insider. Shareholders, directors, and officers of a corporation are not precluded from making loans to the corporation, but such transactions are closely scrutinized to insure that they were entered in good faith with a view toward benefiting the corporation and its creditors. *Erickson-Hellekson-Vye Co. v. A. Wells Co.*, 217 Minn. 361, 377–78, 15 N.W.2d 162, 171 (1944). *See Ebert Hicken Co. v. Scott-Bevier Iron Mining Co.*, 177 Minn. 72, 224 N.W. 454 (1929). The burden of proof is on the officer or director to show that he violated no fiduciary duties of loyalty, good faith, and fair dealings toward the corporation. *Miller v. Miller*, 301 Minn. 207, 227, 222 N.W.2d 71, 82 (1974).

A corporation is obligated to preserve its assets for the benefit of its creditors, and a right of action for diversion of corporate funds belongs to the corporation. (*Westgor v. Grimm*, 318 N.W.2d 56, 58 (Minn.1982), *appeal after remand*, 381 N.W.2d 877 (Minn.Ct.App.1986)). Shareholders and directors are liable *to the corporation* for receiving or consenting to distributions of corporate assets which leave the corporation unable to satisfy its debts. Minn.Stat. §§ 302A.551, .557, .559 (1984). In this case, the Shareholders Agreement expressly purports to distribute corporate "profits", while the trial court found that the Shareholders Agreement represented a division of profits "and/or asset[s]." Given the conflicting evidence, the trial court erred in failing to properly address the corporation's claim that there had been a misappropriation of corporate assets.

In addition, Honn's eventual recovery under this suit may constitute a breach of fiduciary duty by allowing him preference over other corporate creditors. In *Snyder Electric Co. v. Fleming*, 305 N.W.2d 863 (Minn.1981), the supreme court stated:

Directors and officers may make loans to their corporations and they may use the same methods as other creditors to collect bona fide corporate debts owed to them, but only so long as the corporation is solvent. When a corporation is insolvent, *or on the verge of insolvency*, its directors and officers *become fiduciaries of the corporate assets* for the benefit of creditors. As fiduciaries, they cannot by reason of their special position treat themselves to a preference over other creditors. By "preference" we here mean generally a transfer or encumbrance of corporate assets made while the corporation is insolvent or verges on insolvency, the effect of which is to enable the director or officer to recover a greater percentage of his debt than gen-

eral creditors of the corporation with similarly secured interests.

*Id.* at 869 (citations omitted) (emphasis added). *Snyder* further indicates that an invalid preference is created when an insolvent corporation makes a payment or grants a security to an officer for an antecedent debt. *Snyder,* 305 N.W.2d at 869.

Although *Snyder* involved a claim by creditors against a corporate insider to collect judgments already obtained against the corporation, we do not believe that a corporation is precluded from raising similar arguments when an officer seeks to recover on a note. In this case, the evidence suggests that Honn's recovery on the notes may adversely affect the corporation's ability to satisfy its other debts. Thus, the alleged breach of fiduciary duty runs not only to the other creditors, but also to the corporation itself.

■ The burden is clearly on Honn to prove that he has acted in the interests of the corporation with respect to the distribution of assets or profits under the Shareholders Agreement and with respect to his retention of other corporate assets. The burden is also on Honn to show that his recovery on the note will not render the corporation insolvent. Because the trial court's findings fail to show that these burdens were ever placed upon Honn, the matter must be remanded to allow the trial court to reconsider its findings in light of *Miller* and *Snyder.* The trial court in making new findings may consider such additional relevant testimony or evidence as the parties may deem appropriate to offer. The award of attorney's fees to Honn must necessarily be reconsidered on remand to reflect these findings.

■ Should the trial court determine that there has been a breach of fiduciary duty, it must fashion appropriate relief. Such relief may include but not be limited to an accounting, which is one form of relief sought by the corporation in its pleadings. Consolidation of the claims involving the corporation and Honn and Kail may be necessary. Under its equitable powers, the court has the authority to protect other creditors by ruling that they be joined as necessary parties or by appointing a receiver. *See Snyder,* 305 N.W.2d at 871 n. 3. Appointment of an independent receiver may be particularly appropriate, to avoid any appearance of impropriety arising from representation of the corporation by Kail's father.

## DECISION

The order denying a new trial is reversed and the matter is remanded for further findings.

Reversed and remanded.