# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2961

———————

| | | |
|---|---|---|
| Helm Financial Corporation, a California corporation, | * * * | |
| Appellant, | * * | |
| v. | * * | Appeal from the United States District Court for the |
| MNVA Railroad, Inc.; Dakota, Missouri Valley & Western Railroad, Inc.; Larry C. Wood; Diane Wood, | * * * * | District of Minnesota |
| Appellees. | * | |

———————

Submitted: May 14, 1999

Filed: May 1, 2000

———————

Before McMILLIAN, BRIGHT and FAGG, Circuit Judges.

———————

McMILLIAN, Circuit Judge.

Helm Financial Corp. (Helm) appeals from an order entered in the District Court[1] for the District of Minnesota denying its motion for summary judgment. Helm Financial Corp. v. MNVA Railroad, Inc., Civil No. 97-1342 (DSD/JMM) (D. Minn.

———————————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

June 24, 1998) (order). For reversal, Helm argues that the district court erred in denying its motion for summary judgment because the transfer of DMVW stock constituted an unlawful preference and a breach of their common law fiduciary duty. Defendants MNVA Railroad, Inc. (MNVA), Dakota, Missouri Valley & Western Railroad, Inc. (DMVW), and Larry C. Wood and Diane Wood argue that the district court did not err in denying Helm's motion for summary judgment because there were genuine issues of material fact in dispute and because, as a matter of Minnesota law, creditors do not have a common law cause of action for breach of fiduciary duty against corporate directors or officers for unlawful distribution of corporate assets to shareholders, absent self-dealing or preferential treatment. For the reasons discussed below, we hold that we have appellate jurisdiction and we affirm the order of the district court.

The district court had subject matter jurisdiction over this case under 28 U.S.C. § 1332 (diversity jurisdiction). We have appellate jurisdiction under 28 U.S.C. § 1291.

The following statement of facts is taken in large part from the district court order. Helm is a locomotive and railcar leasing company and a judgment creditor of MNVA. It is a California corporation with its principal place of business in California. MNVA is a Minnesota corporation with its principal place of business in Minnesota. It was incorporated in July 1986 and operated a short-line freight railroad in Minnesota and North Dakota. Larry and Diane Wood were officers and directors and major shareholders of MNVA. DMVW is a North Dakota corporation organized in 1990, with its headquarters in Bismarck, ND, and a wholly-owned subsidiary of MNVA; DMVW operated several spans of railroad trackage in North Dakota under a long-term lease agreement with the Soo Line Railroad.

In August 1994 MNVA agreed in principle to the terms of a letter of intent with Pioneer Railcorp (Pioneer) under which Pioneer agreed to acquire MNVA's operating assets by purchasing MNVA's stock. MNVA decided to spin off DMVW to MNVA

shareholders as part of the reorganization of MNVA in connection with the sale to Pioneer. In October 1994 the deal between MNVA and Pioneer was restructured as a sale of assets instead of a stock purchase. On November 21, 1994, MNVA determined that it would be able to pay its debts in the ordinary course of business after the proposed distribution of DMVW stock to MNVA shareholders (as required by Minn. Stat. § 302A.551 subd. 1) and approved the distribution of DMVW stock to the existing MNVA shareholders in proportion to the percentage of stock they owned in MNVA. No consideration was paid to MNVA for the distribution of DMVW stock. DMVW became an independently-operated entity after the distribution. In December 1994 MNVA sold its assets to Pioneer for the assumption of some secured debts and $1.00 and thereafter ceased operations.

According to MNVA, during the course of winding up its affairs, it was unable to pay all of its creditors in full because it experienced an "unexpected shortfall" after losing several substantial claims, including one against the Minnesota Department of Transportation for reimbursement of track rehabilitation expenses. In May 1996, Helm obtained a state court judgment against MNVA for railcar leasing fees in the amount of $96,028.00, plus interest, and attorney's fees and costs.

In June 1997 Helm filed this complaint in federal district court against MNVA, DMVW, and the individual officers and directors of MNVA (Larry and Diane Wood, Jeffrey Alan Wood, Gilbert A. Gillette, Bennett J. Brown, and Patrick J. Neaton), alleging that the distribution of DMVW stock to MNVA shareholders defrauded MNVA's creditors in violation of the Minnesota Uniform Fraudulent Transfer Act (UFTA), Minn. Stat. § 513.41-.51, and constituted an unlawful preference of defendants as officers, directors, shareholders, and fiduciaries over MNVA's creditors in breach of their fiduciary duty to creditors. Helm alleged that the spin off left MNVA insolvent because DMVW was MNVA's most valuable asset. Defendants filed an answer. Helm later dismissed Gillette and settled with Jeffrey Alan Wood and Brown. Helm then filed a motion for summary judgment.

On June 24, 1998, the district court denied Helm's motion for summary judgment. The district court first denied summary judgment on the UFTA claim, holding the UFTA did not apply to the spin off of DMVW stock through a stock distribution by MNVA to its shareholders. See slip op. at 5-6, citing Minnesota Model Business Corporation Act, Minn. Stat. § 302A.551 subd. 3(d) (providing that the UFTA does not apply to distributions of stock made by a corporation to shareholders). The district court next denied summary judgment on Helm's claim that Larry and Diane Wood and Neaton breached their fiduciary duties owed as officers and directors to MNVA's creditors by distributing DMVW stock to MNVA shareholders and thereby preferring themselves over those creditors when MNVA was insolvent or on the verge of insolvency. First, the district court held that Minnesota corporations statutes do not create such a fiduciary duty to creditors based solely on shareholder status and limit such fiduciary duty to officers and directors. See id. at 7. With respect to officers and directors, the district court held that Minnesota cases do not extend such a fiduciary duty over distributions to shareholders. See id. at 8 (citing Minnesota cases and noting that Minnesota statutes provide liability for illegal distributions but Helm did not allege statutory claim).

The district court also denied Helm's motion for summary judgment against Neaton because he was not an officer or director of MNVA at the time he allegedly received payments for certain corporate debts. See id. The district court also found that there was a genuine issue of material fact with respect to whether a certain payment by MNVA to DMVW on January 21, 1997, was an unlawful preference in violation of the Woods' fiduciary duty as directors or officers of MNVA and DMVW. See id. at 9.

Helm then voluntarily dismissed the remaining claims except those based on the UFTA and breach of fiduciary duty. On July 15, 1998, the district court entered an order and judgment, based on the parties' stipulation, dismissing with prejudice the claims against Neaton, dismissing without prejudice the January 1997 payment claim,

and stating that the June 24 order constituted a "final adjudication upon the merits of [Helm's] remaining undismissed claims." Id., slip op. at 2 (July 15, 1998). Helm appealed.

We first consider whether we have appellate jurisdiction. As noted above, the district court denied Helm's motion for summary judgment on the UFTA and breach of fiduciary duty claims. In general, denials of summary judgment are interlocutory and thus not immediately appealable. However, this denial of summary judgment was not really an interlocutory order because it had the effect of terminating any further consideration of the UFTA and breach of fiduciary duty claims in the district court. See, e.g., Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mutual, 982 F.2d 1031, 1034 (6th Cir.) (Libbey), cert. denied, 510 U.S. 819 (1993); EEOC v. Sears, Roebuck & Co., 839 F.2d 302, 354 n.55 (7th Cir. 1988). Helm then voluntarily dismissed the remaining claims, some with and some without prejudice, in order to expedite appellate review. The voluntary dismissal must be considered in light of the earlier denial of Helm's motion for summary judgment. In general, neither party may appeal from a voluntary dismissal because it is not an involuntary adverse judgment. However, when a party voluntarily dismisses its claims with prejudice in order to expedite appellate review, the dismissal is a final judgment which can be immediately appealed. See, e.g., Libbey, 982 F.2d at 1034; Raceway Properties, Inc. v. Emprise Corp., 613 F.2d 656, 657 (6th Cir. 1980) (per curiam). In this circuit the voluntary dismissal can be without prejudice. See, e.g., Missouri v. Coeur d'Alene Tribe, 164 F.3d 1102, 1105-07 (8th Cir.), cert. denied, 119 S. Ct. 2400 (1999); Chrysler Motors Corp. v. Thomas Auto Co., 939 F.2d 538, 540 (8th Cir. 1991). But see, e.g., Chappelle v. Beacon Communications Corp., 84 F.3d 652, 654 (2d Cir. 1996) (comparing cases from other circuits and holding plaintiff cannot appeal from dismissal of some claims when balance of claims have been voluntarily dismissed without prejudice).

We hold that the "expedite review" exception applies to this case. The denial of summary judgment in effect terminated any further consideration of Helm's breach

-5-

of fiduciary duty claim because the district court held that, as a matter of law, defendants as officers and directors did not breach their fiduciary duty owed to creditors when they spun off DMVW to MNVA shareholders. Helm's voluntary dismissal of its remaining claims, in order to expedite appellate review, in effect made the denial of summary judgment a final judgment for purposes of appeal. The July 15 order recognized this by stating that the denial of summary judgment constituted a final adjudication on the merits of the UFTA and breach of fiduciary duty claims. See Libbey, 982 F.2d at 1034 (holding appellant's voluntary dismissal was immediately appealable in light of earlier denial of motion for partial summary judgment which had effect of terminating appellant's principal cause of action). Cf. Chrysler Motors Corp. v. Thomas Auto Co., 939 F.2d at 540 (holding appellant's voluntary dismissal without prejudice of remainder of case made grant of motion for partial summary judgment final for purposes of appeal).

We review de novo the district court's summary judgment decision, applying the same standard as the district court. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). We also review de novo the district court's interpretation of state law. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

For reversal, Helm argues that the district court erred in holding that, as a matter of law, defendants did not breach their fiduciary duty owed to creditors when they transferred DMVW stock to MNVA shareholders. (Helm has not pursued its UFTA claims on appeal. See Reply Brief for Appellant at 1; Brief for Appellant in Support of Appellate Court Jurisdiction at 1 n.1.) This is a legal argument. Helm argues that, under Minnesota common law, the officers and directors of an insolvent corporation breach their fiduciary duty owed to creditors if they approve a transfer of corporate assets under which the officers and directors recover more than general creditors of the

-6-

corporation. Corporate officers and directors cannot grant themselves a preference over creditors. See Snyder Electric Co. v. Fleming, 305 N.W.2d 863, 869 (Minn. 1981) (en banc) (Snyder Electric); Swanson v. Tomlinson Lumber Mills, 239 N.W.2d 216, 221 (Minn. 1976) (en banc) (Swanson). Helm thus argues that defendants' decision to spin off DMVW to MNVA shareholders secured an advantage to themselves (and others) at the expense of corporate creditors solely because of their relation to the corporation and that, but for the DMVW spin-off, MNVA would have been able to pay it and the other creditors.

Defendants argue that the district court did not err in holding that, under Minnesota common law, officers and directors are liable to the corporation, but not creditors, for unlawful distributions of corporate assets to shareholders. Defendants acknowledge that Minnesota law holds officers and directors to be fiduciaries for the benefit of a corporation's creditors, but argue that such a duty arises only when the corporation is nearly or actually insolvent and only to the limited extent that they are prohibited from securing for themselves, as creditors, a preference over other creditors. See, e.g., In re Metropolitan Cosmetic & Reconstructive Surgical Clinic, P.A., 115 B.R. 185, 187 (Bankr. D. Minn. 1990) (citing Minnesota cases); St. James Capital Corp. v. Pallet Recycling Assocs. of North America, Inc., 589 N.W.2d 511, 515 (Minn. Ct. App. 1999) (St. James Capital); Honn v. Coin & Stamp Gallery, Inc., 407 N.W.2d 419, 422 (Minn. Ct. App. 1987) (Honn); B & S Rigging & Erection, Inc. v. Wydella, 353 N.W.2d 163, 167-68 (Minn. Ct. App. 1984). Defendants thus argue that no fiduciary duty arose because the distribution of DMVW stock to defendants was a distribution of corporate assets to shareholders and not a repayment of a debt owed to defendants as creditors. Defendants also argue that summary judgment was not appropriate because whether the distribution of DMVW stock left MNVA nearly or actually insolvent, or whether defendants knew, or reasonably should have known, that insolvency was likely to occur as a result of the distribution, was a genuine issue of material fact.

We agree with the district court that, under Minnesota law, defendants did not breach their fiduciary duty as officers and directors to creditors like Helm.

> Directors and officers may make loans to their corporations and they may use the same methods as other creditors to collect bona fide corporate debts owed to them, but only so long as the corporation is solvent. When a corporation is insolvent, or on the verge of insolvency, its directors and officers become fiduciaries of the corporate assets for the benefit of creditors.

Snyder Electric, 305 N.W.2d at 869. This is because "[a]s fiduciaries, they cannot by reason of their special position treat themselves to a preference over other creditors." Id. Thus, "as fiduciaries to the corporation's creditors, the officers and directors of an insolvent corporation cannot approve 'a transfer or encumbrance of corporate assets . . . , the effect of which is to enable the director or officer to recover a greater percentage of his [or her] debt than general creditors of the corporation with otherwise similarly secured interests.'" Association of Mill & Elevator Mutual Insurance Co. v. Barzen International, Inc., 553 N.W.2d 446, 451 (Minn. Ct. App. 1996), citing Snyder Electric, 305 N.W.2d at 869. The fiduciary duty of an insolvent corporation's directors and officers to preserve and protect the assets of the corporation does not extend beyond the prohibition against self-dealing or preferential treatment. See St. James Capital, 589 N.W.2d at 514-15.

Even assuming for purposes of analysis that the distribution of DMVW stock left MNVA nearly or actually insolvent, or that defendants knew, or reasonably should have known, that insolvency was likely to occur as a result of the distribution, no breach of fiduciary duty occurred because defendants did not treat themselves to a preference over Helm and other creditors. (There are no allegations of self-dealing by defendants.) As noted above, the Minnesota Supreme Court in Snyder Electric defined unlawful preferences for corporate officers and directors as "a transfer or encumbrance of corporate assets . . . , the effect of which is to enable the director or officer to

recover a greater percentage of his [or her] debt than general creditors of the corporation with otherwise similarly secured interests." 305 N.W.2d at 869. Here, there was no debt and thus no preference; defendants were not creditors of MNVA. This fact distinguishes the present case from the cases cited by Helm, in which, as noted by the district court, the corporate insider was either a corporate creditor (Snyder Electric, 305 N.W.2d at 869 (payment of antecedent debts owed to corporate insider); Honn, 407 N.W.2d at 421 (recovery on promissory notes)) or in a similar position (Swanson, 239 N.W.2d at 220 (extension of debt to one family corporation by a second family corporation which indirectly benefited corporate insider); B & S Rigging, 353 N.W.2d at 168 (payment favoring debtor that claimed secondary liability of corporate insiders)). The transfer of DMVW stock was not a repayment of a debt owed to defendants as creditors (and thus potentially an unlawful preference), but instead a distribution of corporate assets to defendants as shareholders.

We hold that the district court correctly held that, as a matter of law, Helm failed to establish that the transfer of DMVW stock constituted an unlawful preference and a breach of defendants' common law fiduciary duty to creditors. Accordingly, we affirm the order of the district court.

BRIGHT, Circuit Judge, concurring and dissenting.

As judgment creditor of MNVA, the Appellant contends that the Woods, shareholders/officers/directors of MNVA, transferred to themselves as MNVA shareholders "MNVA's most significant income-producing asset"— ownership of DMVW. Appellant's Br. at 5. Appellant argues that this asset, but for the transfer to the Woods as shareholders, would have been paid to MNVA's creditors, and thus the transfer of corporate assets to the Woods was to the detriment of the corporation's creditors and to the benefit of the Woods as officers and directors of MNVA.

-9-

Such a legerdemain in corporate finance is perfectly legitimate under Minnesota corporation law in limited circumstances. A distribution, such as the stock transfer here, is permitted only when "the corporation will be able to pay its debts in the ordinary course of business after making the distribution and the board does not know before the distribution is made that the determination was or has become erroneous." MINN. STAT. § 302A.511, Subd. 1.

Appellant's claim, however, was not brought under the Minnesota Business Corporation Act, Minn. Stat. §§ 302A.001- .917. The Appellant instead specifically relies on Minnesota common law for its claim, and on this appeal it raises one issue: Whether the Woods, serving as officers and directors of MNVA, breached their fiduciary duty to the Appellant as creditor when they distributed MNVA's assets to themselves as majority shareholders to the detriment of MNVA's creditors. The Appellant asserts that the district court erred in determining as a matter of law the Woods did not breach their fiduciary duty when they transferred all the DMVW stock to themselves.

Neither party cites any case law in which the Minnesota appellate courts have specifically stated that officers and directors, such as the Woods, do or do not have a fiduciary obligation to creditors when the officers and directors make a distribution to shareholders that has the effect of preferring shareholders' rights to creditors' rights. Appellant cites to authority wherein the Minnesota appellate courts have held that in the context of extending the corporation a loan, "[w]hen a corporation is insolvent, or on the verge of insolvency, its directors and officers become fiduciaries of the corporate assets for the benefit of creditors." Snyder Elec. Co. v. Fleming, 305 N.W.2d 863, 869 (Minn. 1981). See also Swanson v. Tomlinson Lumber Mills, Inc., 239 N.W.2d 216, 221 (Minn. 1976) (stating that the pertinent issue is "whether the directors or officers have secured an advantage to themselves at the expense of corporate creditors solely because of their relation to the corporation"); (Honn v. Coin & Stamp Gallery, Inc., 407 N.W.2d 419, 422 (Minn. App. 1987) (recognizing that while shareholders, directors

-10-

and officers are not prohibited from making loans to the corporation, "such transactions are closely scrutinized to insure that they were entered in good faith with a view toward benefiting the corporation and its creditors").

Although these cases concern loans to a corporation and not the specific transaction at issue here, the principle underlying the rule that officers and directors should not use their unique role to advantage "themselves at the expense of corporate creditors[,]" Swanson, 239 N.W.2d at 221, applies here.

Whether the transaction was a loan or a distribution, when officers or directors act to the detriment of a corporate creditor to benefit themselves, they have breached their fiduciary duty to the creditors. They have used their special role in the corporation to obtain a preference over the creditors. After all, in the ordinary liquidation of a corporation, the creditors get paid before redemption of shares of stock. Here, the transaction put assets into the hands of the stockholders to the ultimate detriment of creditors, thus endowing the officers and directors with an advantage over other creditors.

In this case, a claim of a breach of fiduciary duty may be asserted against the Woods if, at the time of the spin-off, the Woods knew or should have known that the assets of the corporation were insufficient to pay the claims of creditors. As the Swanson court noted:

> The relationship between corporate officers and directors and the creditors of a corporation is not altogether clear. While it is said that corporate officers and directors are not trustees for corporate creditors and owe them no fiduciary duty, 3 Fletcher, Cyclopedia Corporations (Rev. vol. 1965) § 849, it appears that this statement is subject to the qualification that there be sufficient assets to pay their claims.

-11-

Id. at 220. Whether the Woods breached their fiduciary duty to the Appellant is a fact issue to be resolved at trial, not as a matter of law. Thus, the district court properly denied Appellant summary judgment, but on remand it must resolve the issue of the alleged breach of fiduciary duty as a fact issue.

Accordingly, I would affirm the order denying summary judgment to the Appellant. I would reverse, however, the trial court's determination that the Woods are free of any fiduciary duties to the creditor as a matter of law and would remand this case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.