### In re UNIFI COMMUNICATIONS, INC., Debtor.

### Douglas J. Ranalli, Mark F. Ranalli, Thomas P. Sosnowski and Steven Darrington, Appellants,

v.

### David J. Ferrari and Argus Management Corp., as Plan Trustee of the Unifi Communications, Inc. Amended Joint Liquidating Plan, Appellees.

### No. 03–40090–NMG.

United States District Court, D. Massachusetts.

Oct. 21, 2004.

Michelle H. Blauner, Edward F. Haber, Shapiro, Haber & Urmy LLP, Boston, MA, Michael Jerry Freed, Christopher J. Stuart, Much, Shelist, Freed, Denenberg, Ament & Rubenstein, Chicago, IL, for Argus Management Corporation, David J. Ferrari, Appellees.

Heather A. Butterfield, Neil V. McKittrick, Ellen C. Meyer, Hannah S. Ross, Goulston & Storrs, Boston, MA, for Douglas Ranalli, Mark F. Ranalli, Steven Darrington, Thomas P. Sosnowski, Appellants.

## MEMORANDUM & ORDER

NATHANIEL M. GORTON,
Bankruptcy Judge.

This bankruptcy appeal relates to an adversary proceeding filed in the Chapter 11 bankruptcy matter of Unifi Communications, Inc. ("Unifi" or "the Debtor"). The Creditors' Committee of Unifi brought the adversary proceeding in the Bankruptcy Court in the name of the Bankruptcy Trustees, David J. Ferrari and Argus Management Corp. ("the Trustee") against four members of the Debtor's Board of Directors: Douglas Ranalli, Mark. F. Ranalli, Thomas P. Sosnowski and Steven Darrington (collectively "members of the Board"). The complaint seeks damages for harm caused to Unifi and its creditors when the members of the Board allegedly breached their fiduciary duties to them. Defendants moved for summary judgment and that motion was denied by the Bankruptcy Court on March 27, 2003 (Case No. 99–40302–JBR). The Defendants have appealed that denial to this Court pursuant to 28 U.S.C. § 158.

### I. *Factual Background*

Unifi is a Delaware corporation, founded in 1990 to provide international facsimile ("fax") services to businesses via an electronic network. To finance its growth, in February, 1997, Unifi closed a public, high-yield bond offering, netting the company $105 million. The memorandum that accompanied the bond offering itemized the risks involved, specifically disclosing the fact that Unifi would continue to seek financing and had not yet experienced a profitable year.

Shortly thereafter, troubles began for the company. Global de-regulation of telecommunications resulted in lower international telephone rates and thus an increase in competition among providers of fax services. Additionally, a string of Asian currency devaluations caused Unifi's operating costs in the Far East to exceed its potential revenues.

In response to the decline of its fax service, Unifi began to focus on developing "eFax," a software package designed to transmit faxes via computer through a user's email, thus eliminating the need for physical fax machines. In early 1998, the Board of Directors as then constituted sought financing to complete the development of eFax. However, in March, 1998, SingTel, a Unifi investor, withdrew its investment by selling its stock in Unifi to Director Douglas Ranalli. Shortly thereafter, several Unifi directors, including all of the outside directors, resigned and were replaced by the three other defendants in this case.

The new Board held a meeting with Unifi's bondholders. Board members expressed the view that Unifi's best strategy was to pursue the development of eFax but at least one investor argued that Unifi should be liquidated. During July, 1998, members of the Board contemplated liquidation and hired several experts and consultants to assess the condition of the company. They calculated that liquidation would raise approximately $10 million. Nevertheless, the Board chose to continue corporate operations.

In August, 1998, bondholders again demanded that Unifi be liquidated. They asserted, via a letter from counsel, that Board members had breached their fiduciary duties to the creditors. Members of the Board denied the charge and continued to seek financing. On January 15, 1999, after those financing efforts ultimately failed, Unifi filed a voluntary petition in bankruptcy under Chapter 11.

On August 10, 2000, creditors of Unifi commenced an adversary proceeding in the name of the Trustee, seeking damages

resulting from the decision of the Board to continue the Debtor's business during a period when it was "hopelessly insolvent and had no reasonable chance of survival". Members of the Board subsequently moved for summary judgment on the grounds that: 1) the Trustee does not have standing in this action because the injury alleged is solely to creditors and 2) the Trustee has failed to raise a genuine issue of material fact as to a breach of any duty owed by the Board to creditors. Members of the Board sought, in the alternative, partial summary judgment limiting claims against them to losses arising after August 31, 1998. The Bankruptcy Court denied the motions orally, citing *In re Healthco International, Inc.*, 208 B.R. 288, 300 (Bankr.D.Mass.1997), and this appeal followed.

## II. *Legal Analysis*

### A. **Standard of Review**

#### 1. *Review of Bankruptcy Court Ruling*

■ In reviewing an appeal from an order of a bankruptcy court, a district court reviews de novo "[c]onclusions of law and legal significance accorded to facts". *In re Chestnut Hill Mortgage Corp.*, 158 B.R. 547, 549 (D.Mass.1993). However, a district court must accept the bankruptcy judge's findings of fact unless a review of the record demonstrates that they are "clearly erroneous." *Id.*

#### 2. *Summary Judgment Standard*

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991), *quoting Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### B. **Standing**

■ The Board first argues that the Trustee lacks standing in this case because a bankruptcy trustee may only bring claims belonging to the debtor, not those of third parties, such as creditors. The Board asserts, correctly, that the complaint does not specifically allege damage to the Debtor. The complaint alleges that the Board "owed Unifi and its creditors duties of good faith, loyalty and due care," and that the defendants breached those

duties but, with respect to damages, only that "[d]efendants caused creditors to be damaged by tens of millions of dollars, in breach of their fiduciary duties to such creditors." Thus, the complaint explicitly alleges damages to the creditors but not to the Chapter 11 Debtor.

In further support of their argument, members of the Board offer the deposition testimony of Trustee Ferrari. Ferrari testified that the damages at issue in the complaint were to the creditors only. When asked whether Unifi had sustained injury, he replied, "I don't think that's possible." On that basis, the Defendants assert that the Trustee lacked standing to commence the adversary proceeding to which this appeal relates.

Plaintiffs contend that the complaint does allege harm to Unifi because the harm to its creditors has, in turn, caused harm to the company itself. Accordingly, they assert that, if the creditors were harmed by the misdeeds of the Board, so too was the Debtor. Plaintiffs also suggest that the Court should discredit Trustee Ferrari's testimony because he was "confused" about the nature of the injuries involved.

Notwithstanding the imprecision of the complaint and the ambiguous statements of the Trustee, the Plaintiffs have standing in this case. With the support of caselaw, the parties and the Bankruptcy Judge agreed that a trustee in bankruptcy may bring claims belonging to the debtor but may not "enforce a claim belonging [solely] to a creditor". *Healthco,* 208 B.R. at 300. The relevant inquiry, then, concerns whether the Trustee here has alleged a claim belonging to Unifi. *See id.*

The present controversy could have been avoided by more competent draftsmanship. Given the absence of an explicit allegation of damage to the Debtor corporation, the Court would be within its discretion to dismiss the case for lack of standing. Based upon the facts subsequently asserted, however, the complaint could and should have explicitly alleged that corporate mismanagement caused damage to the Debtor itself as well as to its creditors.

■ Nonetheless, contrary to the Defendants' contention, it is unnecessary for the Court to "re-write" the complaint in order to find sufficient allegations of injury to Unifi. Rather, the Court need only construe the complaint with the requisite deference prescribed by the Supreme Court: "[w]hen standing is challenged on the basis of the pleadings, all material allegations of the complaint must be taken as true, and the complaint must be construed in favor of the complaining party." *Pennell v. City of San Jose,* 485 U.S. 1, 2, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988); *Mangual v. Rotger–Sabat,* 317 F.3d 45, 56 (1st Cir.2003).

The complaint alleges, in detail, that members of the Board breached their fiduciary duties to Unifi by depleting the company's assets and prolonging its existence long after its insolvency. It also alleges that the object of the Board members was to preserve the company long enough for Director Douglas Ranalli to "salvage his equity interest". The Trustee provides ample evidence to suggest that the Board should have acted differently than it did with respect to an increasingly probable insolvency. Irrespective of damage to the creditors, such behavior by the Board is, at least arguably, damaging to the Debtor itself. *Healthco,* 208 B.R. at 300. ("[The corporation] was the victim of poor management causing damage to the corporation . . . ."). Thus, injury to Unifi is properly alleged.

Moreover, while the statements of the Trustee concerning the nature of the inju-

ries involved are relevant, both parties recognize that they are not controlling. *Hannover Corp. of Am. v. Beckner,* 211 B.R. 849, 856 (M.D.La.1997). A review of the Trustee's deposition testimony leads to the conclusion that he has little personal knowledge of this case because the Creditors' Committee has taken the lead role in this litigation. Accordingly, the Court is not persuaded by his characterization of the claims. Furthermore, it is clear that the Bankruptcy Judge discounted the Trustee's deposition testimony in denying summary judgment and that judgment was not plain error. Therefore, the Trustee has standing to pursue this case.

## C. Breach of Fiduciary Duty by Members of the Board

■ The members of the Board next argue that summary judgment is warranted because the Trustee has not elicited evidence that they breached their fiduciary duty to the creditors. Defendants exhaustively argue that their duty to creditors is "a limited duty that requires only that the director not engage in self-dealing or other conduct that prefers any corporate constituent over creditors". Fortunately, it is unnecessary for this Court to ascertain the accuracy of that contention in order to dispose of this appeal.

By limiting their argument to their putative duties to the creditors, the Board members misunderstand the scope of the inquiry. As discussed above, the breach of fiduciary duty that could give rise to liability in this case is the breach of a duty owed to *Unifi,* but the Board members do not discuss that duty. Indeed, if only fiduciary duties owed to creditors were at issue, the Trustee would have no standing to bring this case because the Debtor itself would have no claim.

Every case cited by the Board involved facts distinguishable from the facts of this

case because, in those cases, either the claim was brought by creditors directly (rather than by a bankruptcy trustee) or the claim was brought by a bankruptcy trustee who had contractually acquired the claims of creditors through assignment:

> *See Helm Fin. Corp. v. MNVA R.R., Inc.,* 212 F.3d 1076 (8th Cir.2000) (suit by judgment creditor against board); *Bank of Am. v. Musselman,* 222 F.Supp.2d 792 (E.D.Va.2002) (suit by creditors and court-appointed receiver against corporation); *In re Ben Franklin Retail Stores, Inc.,* 225 B.R. 646 (N.D.Ill.1998)(suit involving a bankruptcy trustee who properly brought claims previously belonging to `creditors but subsequently assigned to the debtor); *Simons v. Cogan,* 549 A.2d 300 (Del.Sup. 1988) (suit by holder of convertible debentures against corporation); *Credit Lyonnais Bank Nederland, N.V. v. Pathe Communications Corp.,* 1991 WL 277613 (Del.Ch.1991) (dispute between third parties over membership of corporate board); *Geyer v. Ingersoll Publications Co.,* 621 A.2d 784 (Del.Ch.1992) (suit by creditor against corporation and board).

In the cited cases, because the creditors were the plaintiffs, the issues properly concerned the Boards' duties to creditors. Conversely, here the Trustee, who represents the debtor-corporation, is the plaintiff and the inquiry includes alleged breaches of fiduciary duties owed to the corporation.

■ Plaintiff duly notes that "[i]t is hornbook law that corporate directors owe the corporation they serve fiduciary duties of due care, loyalty and good faith. *See Cede & Co. v. Technicolor, Inc.,* 634 A.2d 345, 367 (Del.1993)." Although at least some of those duties expand to include creditors when a company nears insolvency, there is an ever-present duty to the

corporation itself. *See DeNune v. Consolidated Capital of North Am., Inc.,* 288 F.Supp.2d 844, 859 (N.D.Ohio 2003).

For reasons not apparent to the Court, the Defendant–Appellant's brief does not address the question of whether the Board has breached any fiduciary duty owed to Unifi. This is particularly puzzling in light of Defendants' initial argument that the Trustee has standing to bring only claims involving duties owed to the Debtor corporation. In a motion for summary judgment, the burden is on the moving party to show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Because the members of the Board have plainly not met their burden, summary judgment is inappropriate and the motion filed in the Bankruptcy Court was properly denied. *See id.*

Finally, Defendants have moved, in the alternative, for partial summary judgment limiting the claims against them to damages resulting from the actions of Board members occurring after August 31, 1998. Defendants argue that, before that date, the members of the Board owed no fiduciary duty to creditors because the Debtor was not insolvent. That argument, however, as did the Defendants' previous argument, overlooks the possibility that Board members breached a fiduciary duty to the Debtor itself before August 31, 1998. Because the Defendants fail to address that possibility, a genuine issue of material fact remains and their motion for partial summary judgment was properly denied as well.

## ORDER

In accordance with the foregoing, the Bankruptcy Court's denial of Defendants' motion for summary judgment (Case No. 99–40302–JBR) is **AFFIRMED** and this Bankruptcy Appeal is **DISMISSED**.

**So ordered.**